UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| EDWARD GENE SATTERFIELD | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:07-CV-71 |
| | ) | |
| WASHINGTON COUNTY DETENTION | ) | |
| CENTER and SHERIFF ED GRAYBEAL | ) | |

# **MEMORANDUM and ORDER**

Edward Gene Satterfield, a prisoner confined in the Washington County Detention Center, has filed this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff is **ASSESSED** the civil filing fee of $350.00 under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of: (1) the average monthly deposits to plaintiff's inmate trust account or (2) the average monthly balance in the inmate trust account, for the six (6) months immediately preceding the filing of the complaint.

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10.00), until the full

filing fee has been paid. 28 U.S.C. § 1915(b)(2). All payments must be sent to the Clerk's Office, USDC; 220 W. Depot Street, Suite 200; Greeneville, TN 37743.

The Clerk is **DIRECTED** to send a copy of this order to the custodian of plaintiff's inmate trust account at the facility where he is presently housed, to ensure compliance with the fee-assessment procedures.

In his complaint, plaintiff alleges that, on December 8, 2006 and January 26, 2007, he was in the holding area of the Washington County Courthouse, that the outside temperature was 30 degrees or below, that you could see your breath, and that there was "no heat going" and no available blankets. Characterizing this situation as cruel and unusual punishment, plaintiff seeks compensatory damages of $75,000 for his pain and suffering.

Since the plaintiff is a prisoner, the complaint now must be screened and must be dismissed if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)and § 1915A.

As an initial matter, the lead defendant named by plaintiff is a non-suable entity. The Washington County Detention Center is a building, and not a "person" who can be sued under § 1983. *See Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Cage v. Kent County Correctional Facility*, 1997 WL 225647, **1 (6th Cir. May 1, 1997) (jail is not a suable entity).

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials must provide humane conditions of confinement, including adequate shelter. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). While comfortable prisons are not mandated and though restrictive or even harsh conditions do not violate the Eighth Amendment, a prisoner may not be subjected to a condition which strips him of the bare necessities of life. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

To prevail on a conditions-of-confinement claim, a prisoner must show that he suffered an objective, sufficiently serious deprivation (i.e., one that results in the denial of the minimal civilized measure of life's necessities) and that a prison official was deliberately indifferent to a substantial risk of serious harm. *Farmer*, 511 U.S. at 834 and 842; *Spencer v. Bourchard*, 449 F.3d 721, 727-28 (6th Cir. 2006) (applying *Farmer* to examine pretrial detainee's claim of inadequate shelter due to cold, wet conditions). A sufficiently serious deprivation might be found where an inmate is subjected to a low cell temperature at night, not provided blankets, and deprived of his basic need for warmth. *Wilson v. Seiter*, 501 U.S. 294, 304 (1991).

To establish deliberate indifference, plaintiff must show that defendant was aware of facts from which he could infer that such a risk existed <u>and</u> that he actually drew

that inference. *Farmer*, 511 U.S. at 837.

Also relevant in determining the constitutionality of a specific condition is the length of time an inmate is subjected to it. *Bell v. Wolfish*, 441 U.S. 520, 543 (1979) ("Our conclusion [that double-bunking is constitutionally permissible] is further buttressed by the detainees' length of stay.... Nearly all of the detainees are released within sixty days."); *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."); *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982) ("allegations of two days of discomfort are not sufficient to state a claim of constitutional dimension"). Put simply, "temporary inconveniences and discomforts" do not rise to the level of a constitutional violation. *Adams v. Pate*, 445 F.2d 105, 108-09 (7th Cir. 1971).

Applying the standards above, the Court finds that plaintiff has not alleged a deprivation which has resulted in a denial of the minimal civilized measure of life's necessities. First of all, plaintiff asserts that it was freezing outside, but he makes no allegations as to the temperature inside the holding area. Nor has he specified the number of hours he spent in the holding area during those two days, and it seems unlikely that a prisoner would have been housed in the holding area at night when, presumably, the courthouse would have been unoccupied. *Dean v. Campbell*,

1998 WL 466137 (6th Cir. July 30, 1998) (An inmate's allegation of cold temperatures in his cell for a short period of time does not constitute an extreme deprivation); *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997) (observing that it is not just the severity of the cold, but the duration of the condition, which determines whether a condition is unconstitutional). Finally, plaintiff has not indicated whether he was wearing sufficient clothing, such as a coat or sweater, to provide warmth and protection from the cold temperature in the holding area. *Id.* (failure to provide clothing and bedding to protect an inmate from extreme cold is actionable).

However, even if the alleged condition divested plaintiff of the basic essentials of life, the Court sees nothing in the pleading to indicate that defendant sheriff knew about the situation and no evidence of deliberate indifference. While the plaintiff may have experienced some discomfort from the cold in the holding area, it was a temporary inconvenience which does not rise to the level of a constitutional violation.

A separate order of dismissal will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE